| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DANYELL SANDLIN,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**The City of New York, NYPD Officer Christopher Valand (Tax ID#935893), NYPD Sergeant David Jamet (Tax ID#928529) and NYPD Officers John Does 1 through 10, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown).**<br><br>       **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>**Civ. No.:14-cv-4509 (RRM)(JO)** |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York, NYPD Officer Christopher Valand, NYPD Sergeant David Jamet and NYPD Officers John Does 1 through 10, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for NYPD Sergeant David Jamet and NYPD Officer John Does 1 through 10's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Danyell Sandlin ("Plaintiff" or "Mr. Sandlin") is a forty (40) year old African American man who, at the time of the incident complained of in the Instant Complaint, resided in the County of Kings, City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Defendant NYPD Officers Christopher Valand, NYPD Sergeant David Jamet and John Does 1 through 10 are members of the New York City Police Department ("NYPD") who were so employed on April 4, 2013. NYPD Officer Christopher Valand, NYPD Sergeant David Jamet and John Does 1 through 10 were acting under color of state law and in their capacities as  members of the NYPD at all relevant times. Defendants NYPD Officers Christopher Valand, NYPD Sergeant David Jamet and John Does 1 through 10 are sued in both their individual and official capacities.

**STATEMENT OF FACTS**

8.  The Incident which is the subject of the instant Complaint took place in the early evening of April 3, 2013, and in the vicinity of Jamaica Avenue and 88th Street, in the County of Queens, State of New York.

9.  At the above mentioned time and place, Plaintiff had just parked his car when he was approached by an unknown male, NYPD Officer Christopher Valand.

10. The unknown male individual, NYPD Officer Christopher Valand, began banging on the driver's side window of Plaintiff's automobile.

11. Thereafter, NYPD Officer Christopher Valand, who was not in police uniform, told Plaintiff that he was a police officer but did not produce a police badge.

12. NYPD Officer Christopher Valand then asked Plaintiff for his driver's license, which Plaintiff reluctantly produced, as NYPD Officer Christopher Valand had not yet shown Plaintiff any police identification.

13. Next, NYPD Officer Christopher Valand asked Plaintiff to step out of his car and NYPD Officer Christopher Valand told Plaintiff that he was going to search Plaintiff.

14. Numerous other plain-clothes NYPD Officers, John Does 1 through 10 also descended on the scene and without Plaintiff's consent, they began rummaging through Plaintiff's automobile and throwing his belongings about – which included, without limitation, his wallet, bank cards, receipts, sales slips and metro cards.

15. The NYPD officers then continued, by impermissibly searching Plaintiff's person.

16. The search of Plaintiff's person revealed that Plaintiff had a utility knife in his pocket, which Plaintiff had been using to tape his bicycle.

17. Plaintiff was then ordered to the back of his vehicle where he was handcuffed and placed under arrest.

18. Following an extended stay at the police precinct, Plaintiff was transported to Central Booking to await arraignment.

19. At arraignment Plaintiff learned that he was being charged with violating NY PL§265.01 and VTL §1163(c).

20. After arraignment, Plaintiff was transported to Riker's Island.

21. After spending about twenty-four (24) hours at Riker's Island, Plaintiff was taken to Elmhurst Hospital.

22. After spending 2-3 days at Elmhurst Hospital, Plaintiff was transported to Bellevue Hospital where he spent about thirty (30) days.

23. Thereafter, and on May 9, 2013, Plaintiff appeared in court for a scheduled appearance and the criminal charge and VTL violation lodged against him were dismissed.

24. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## FIRST CLAIM
### *Unlawful Search and Seizure*

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. NYPD Officer Christopher Valand and John Does 1 through 10 violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

28. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.


## SECOND CLAIM
### *False Arrest*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.  NYPD Officer Christopher Valand and John Does 1 through 10 violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

31. Plaintiff was aware of his confinement and he did not consent to it.

32. The confinement was not otherwise privileged.

33. As a direct and proximate result of this unlawful conduct, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## THIRD CLAIM
### *Failure to Intervene*

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. NYPD Sergeant David Jamet and NYPD Officers John Does 1 through 10 were present and observed the unlawful conduct as against Plaintiff; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

36. Accordingly, NYPD Sergeant David Jamet and  NYPD Officers John Does 1 through 10 who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

**FOURTH CLAIM**
*§1983 Malicious Prosecution*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, and acting under color of state law, NYPD Officer Christopher Valand and NYPD Officers John Does 1-10  are liable to Plaintiff under 42 U.S.C. §1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth Amendment to the United States Constitution.

40. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in Plaintiff's favor.

41. As a direct and proximate result of this unlawful conduct, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

**FIFTH CLAIM**
*MONELL CLAIM*

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

44. The acts complained of were carried out by the aforementioned defendant in his official capacity as a police officer and official pursuant to customs, policies, usages, practices,

procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

45. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

46. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

47. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

48. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the

7

fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

49. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

50. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police

8

officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

51. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

52. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

53. As a direct and proximate result of this unlawful conduct, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

    a.   Compensatory damages against all defendants, jointly and severally;

    b.   Punitive damages in an amount to be determined by a jury;

    c.   Reasonable attorneys' fees and costs; and

    d.   Such other relief as this Court shall deem just and proper.

Dated: January 9, 2015
      New York, NY

                                    **s/Michael J. Redenburg_____**
                                      Michael J. Redenburg (NY #MR4662)
                                      MICHAEL J. REDENBURG, ESQ. PC
                                      11 Park Place, Suite 817
                                      New York, NY 10007

mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)